1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL B. CLARK, | CASE NO. 1:10-CV-00505-SMS |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT FOR LACK OF FEDERAL JURISDICTION |
| OFFICER SHEARER (HANFORD POLICE DEPARTMENT), | (Doc. 1) |
| Defendant. | |
| _____/ | |

### Screening Order

Plaintiff Randall B. Clark is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed his complaint on March 22, 2010.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 915(e)(2)(B)(ii).

3  **II.    Factual Summary**

4       In the course of arresting Plaintiff on December 19, 2009, Defendant Shearer accused

5  Plaintiff of lying about owning his truck.  Defendant gave Plaintiff's keys to another individual

6  who claimed to own it.  When Defendant later learned that Plaintiff owned the truck, he

7  apologized to Plaintiff, advised Plaintiff that the truck had been recovered in good condition and

8  would be returned to the home of Plaintiff's mother.  In fact, the truck had been damaged.

9  Plaintiff sues Shearer for compensatory and punitive damages.

10  **III.   Negligence Claim**

11       The complaint states a claim against Defendant for negligence in transferring Plaintiff's

12  truck to another individual despite Plaintiff's protestations of ownership.  It seeks compensation

13  for the resulting damage.  Accordingly, Plaintiff alleges a violation of California tort law.

14       Violation of state tort law is not sufficient to state a claim for relief under § 1983.  To state

15  a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.

16  *Paul v. Davis*, 424 U.S. 693, 697-98 (1976).  Because Plaintiff does not allege any federal

17  constitutional or statutory violation, this Court does not have jurisdiction over his claim.  Plaintiff

18  must bring his negligence claim in California state court.

19       This Court does not express an opinion on the viability of Plaintiff's state claim.

20  California's Tort Claims Act requires that a tort claim against a public entity or its employees be

21  presented to the California Victim Compensation and Government Claims Board, formerly known

22  as the State Board of Control, no more than six months after the cause of action accrues.  Cal.

23  Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009).  Presentation of a written claim

24  and action on or rejection of the claim are conditions precedent to a tort claim action.  *State v.*

25  *Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1237 (2004); *Mangold v. California*

26  *Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public

27  employee, a plaintiff must allege compliance with the Tort Claims Act.  *Bodde*, 32 Cal.4th at

28  1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept.*, 839

1   F.2d 621, 627 (9th Cir. 1988).  Plaintiff should investigate his rights and responsibilities under

2   California law and take such actions as may be necessary to preserve his rights.

3   **III.    Conclusion and Order**

4           Plaintiff's complaint fails to state a claim upon which federal constitutional relief may be

5   granted.  Jurisdiction over Plaintiff's claim lies in California state court.  Accordingly, this Court

6   HEREBY ORDERS dismissal of Plaintiff's complaint for failure to state a claim over which this

7   Court has jurisdiction.

8

9   IT IS SO ORDERED.

10  **Dated:    March 28, 2010**                        **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28